IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. PWG 19-0137 |
| TIRREL SAUNDERS | : | |

## **MEMORANDUM AND ORDER**

Tirrel Saunders was one of twenty-nine Defendants indicted in a Third Superseding Indictment on January 30, 2020 and charged with conspiracy to possess with the intent to distribute more than one kilogram of heroin, more than five kilograms of cocaine, and more than 280 grams of cocaine base, along with detectable amounts of fentanyl, in violation of 21 U.S.C. 846. ECF 447. The conspiracy charge carries a minimum mandatory sentence of 10 years up to life imprisonment. The indictment charges that at least six overdoses including fatal and non-fatal overdoses occurred from drugs linked to this conspiracy. *Id*. There are also firearms charges that are linked to this conspiracy. *Id.* On April 25, 2019*,* I held a detention hearing on Defendant on the original indictment. ECF 163. An order of detention was entered by me on that date and docketed the next day. ECF 165. At the detention hearing, I found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the safety of the community or the presence of Defendant at trial. At the hearing the Court made findings of fact on the record and supplemented those with findings of reasons for detention in writing. *Id.* The Court incorporates those findings of fact made on the record and the findings made in the Order of Detention. *Id*.

The Defendant filed an emergency motion for reconsideration of the order of detention on May 6, 2020. ECF 542. The basis for review of detention is that Defendant is at a higher risk of COVID-19 infection while detained at CDF in Baltimore. *Id.* On May 11, 2020, the government filed a response in opposition. ECF 548. The Defendant alleges being at CDF presents a higher risk of infection to him and that factor alone outweighs the Court's uncontested findings at the

detention hearing that by clear and convincing evidence the Defendant is a threat to the safety of the community and a risk of flight. ECF 542. The government has filed an extensive response and included a detailed list of exhibits in support of its position. ECF 548. There is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public and that he is a risk of flight. Instead the Defendant argues that he should be released because detainees are at higher risk of infection in general.

Under 18 U.S.C. 3142(g), the Court makes an individualized assessment as to this Defendant. In making this decision, I also incorporate the prior rulings by the District Court cited by the government in its response and this Court and in particular, *United States v. Xavier Lee,* ELH 19-0159, ECF 97, *United States v. Delonte Wheeler,* CCB 19-0455, ECF 28, *United States v. Green*, RDB 20-059, ECF 21, *United States v. Marquis Weaver,* ELH 19-0280, *United States v. Tony Solomon,* ELH 19-0286.

The Factors Under 3142(g)

The Court considered the factors set forth in 3142(g) at the detention hearing on April 25, 2019. These factors included:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

Defendant does not challenge the Court's findings that the 3142(g) factors demanded detention based upon the threat to public safety and risk of flight posed by Defendant. The government was entitled to a presumption in favor of detention pursuant to 18 USC 3142(e) because of the controlled substances charge which carries a penalty of more than 10 years. In addition to the findings on the record made in greater detail, the Court made written findings as to Tirrel Saunders:

1) Extensive criminal history;

2) Prior violations while on Supervision – Poor Response to Supervision;

3) Serious offense – Overdoses associated with this Drug Organization;

4) Firearms used by members of organization;

5) No fixed address – history of FTA's;

6) Defendant served in a leadership role in this offense.

ECF 165.

<u>Defendant and COVID-19</u>

Defendant in his motion does not allege that he is at a higher risk of exposure due to any pre-existing medical condition. In fact, at the Initial Appearance on April 3, 2019, no medical form was submitted to request any medication or attention to any medical condition when he consented initially to detention. ECF 26.

The Court does not dispute that a detained defendant statistically is at higher risk of infection. The issue for the Court is whether at this moment in time, the COVID-19 facts related

specifically to this Defendant, outweigh the other factors under 3142(g) which compelled detention of Defendant. Put another way, is the community safer with Defendant detained or released under his proposed conditions. In his motion Defendant states, "[i]n the end, any concerns about danger to the community must yield to the right to human health and the right not to be subject to cruel and unusual punishment." ECF 542, p.8. While this may be a pronouncement of Defendant's personal belief it is certainly not correct and more certainly not the law. 18 U.S.C. 3142(g). Notably, there is no support for this statement.

The Defendant is housed at CDF. Defendant argues that his detention at CDF places him and the community in general at higher risk. The Court must make an individualized assessment as to this particular Defendant Tirrel Saunders and his conditions of confinement, which do not include facts related to the other cases cited by Defendant in support of his motion. 18 U.S.C. 3142(g). The government has gone to great lengths to describe the current conditions at CDF in its submission and supporting documents. Defendant fails to present any evidence that CDF has not provided him constitutionally adequate preventative measures to stave off infection.

At this point in time, there also is no evidence Defendant tested positive for COVID-19 or has been placed in quarantine. Defendant does not allege any symptoms. By all accounts, with respect to this particular Defendant, he has remained COVID negative, asymptomatic and there is no evidence before the Court that conditions have changed or deteriorated at CDF. In fact, the government has provided strong evidence to the contrary. ECF 548. Therefore, in balancing the 3142(g) factors already found by this Court, I find that the COVID-19 risk factor of being detained at CDF as alleged in his motion, do not outweigh the danger to the community and risk of flight posed by this Defendant, Tirrel Saunders.

Defendant was a source of supply of cocaine and manager for a drug organization distributing controlled substances that resulted in at least six identified overdoses from heroin and

fentanyl, one fatal and other non-fatal. Defendant was intercepted on a wiretap engaged in these activities. Defendant has responded to supervision in the community by continuing to engage in drug trafficking. He had no fixed address and several failures to appear on his record. This organization utilized firearms to conduct business. Defendant is a proven threat to the safety of the public and a risk of flight and all of the 3142(g) factors above found previously by this Court weigh in favor of detention.

<u>Release under 3142(i)</u>

In *United States v. Creek*, the Fourth Circuit explained that 18 U.S.C. § 3142(i) requires considering "the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform factors, rises to the level of a 'compelling reason' Case 1:19-cr-00455-CCB Document 26 Filed 04/28/20 Page 22 of 26 23 for temporary release..." United States v. Creek, CCB-19-36, App. No. 20-4251, ECF 18 at *1 (4th Cir. Apr. 15, 2020).

In this case, Defendant does not allege any symptoms or lack of required medical care. There is no evidence CDF is not taking appropriate steps to protect Defendant. Defendant, given the opportunity to obtain and produce medical records has not done so. The Defendant has produced no evidence to support a compelling reason pursuant to 3142(i) to release Defendant. There being no compelling reason for release under 3142(i) the motion for release pursuant to 3142(i) is DENIED.

It also is obvious to the Court that with the uncertainty of transmission of the COVID-19 virus, there is a risk of placing a person, who is detained into the public. With respect to the plan for release proffered by Defendant he offers his cousin as a third-party custodian. He proffers incorrectly to the Court that she has been screened and accepted as a potential third-party custodian

by Pretrial Services. She was not at the time this motion was filed and in fact she is on supervision herself and is not a qualified third-party custodian. He offers to live with her at her residence with her one-year old son. None of this is possible and the cousin has been rejected by Pretrial Services and for the reason stated, would be rejected by this Court.

As to home detention, traditional location monitoring is no longer available due to the risks to pretrial services personnel. Even if the more stringent traditional monitoring was available, this Defendant is not a candidate for a third-party custodian release. There is more than sufficient probable cause to support the charges against this Defendant. He was engaged in distributing kilo quantities of heroin with fentanyl, cocaine and cocaine base, as a manager and supplier to this drug organization. He is not a candidate for release under any conditions presented to this Court.

The Defendant's general risk allegations of detained individuals which is not specific as to this Defendant nor the current conditions at CDF present no change of circumstances regarding the 3142(g) factors to overcome the factors found by this Court that demand his continued detention. There is no evidence to support a violation that rises to the level of a constitutional violation under the Fifth Amendment regarding Defendant's continued detention. For the reasons stated by this Court, the Motion for Detention Hearing, ECF 542 is DENIED.

So Ordered this 14th day of May 2020.

　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　A. David Copperthite
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge